860

**UNITED STATES of America**

v.

**Roy D. DAVIS, Jr. Appellant.**

No. 01–2325.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) April 30, 2002.

Filed May 9, 2002.

Before NYGAARD, ROTH, and WEIS,
Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Roy Davis, Jr., was found guilty of filing a false corporate income tax return in violation of 26 U.S.C. 7206(1) and was sentenced to an eighteen-month term of imprisonment, a one-year term of supervised release, and a $40,000 fine. He appeals his conviction and sentence on four grounds which we discuss below.

Roy Davis, Jr. was a minority stockholder in, and ran the day-to-day operations of, Royal Travel Service, a wholesale travel agency. Roy Davis, Sr. was the majority stockholder. William Fitzmorris was the Director of Charter Sales for U.S. Airways and Richard Meyer was the U.S. Airways

charter sales representative who ran Royal's account.

These four men reached an agreement whereby Fitzmorris and Meyer would receive cash payments from Royal in return for providing Royal with discounted airfares on charter flights. Fitzmorris and Meyer were each to receive 25% of the discounts, with Royal retaining 50%. Davis, Jr., Fitzmorris and Meyer each opened bank accounts in the Cayman Islands. Davis, Jr. would periodically transfer funds from Royal to his offshore account, and then would transfer the funds from the offshore account to Fitzmorris's and Meyer's accounts. In his requests to draw these funds from the Royal account, Davis, Jr. gave his bookkeeper false explanations for the transactions, the result of which was to inflate expenditures, which were then transferred to Royal's corporate tax returns, lowering its tax burden.

■ Davis, Jr. first contends that the District Court abused its discretion by denying his motion for additional discovery of grand jury information. Fed.R.Crim.P. 6(e)(3)(C)(ii) authorizes a trial court to order disclosure of grand jury materials "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." In evaluating whether to order additional discovery, "the district court must weigh the competing interests and order so much disclosure as needed for the ends of justice." *United States v. McDowell*, 888 F.2d 285, 289. Davis did not show any particularized need for this additional discovery, and the District Court did not err by denying his motion.

■ Next, Davis, Jr. argues that the District Court committed plain error by precluding him from recounting at trial a conversation he allegedly had with his father in which his father recounted a conversation he allegedly had with Fitzmorris.

Davis, Jr. contends that this conversation was not offered for the truth of the matter asserted, was offered to prove that he was being extorted by Fitzmorris, and should have been admitted under the state of mind exception to the hearsay rule, Fed.R.Evid. 803(3). The initial alleged conversation between Davis, Sr. and Fitzmorris could only have been offered for the truth of the matter asserted, i.e., that Fitzmorris was extorting money from Royal. The probative value of the Davis, Jr.-Davis, Sr. conversation depends on the truth of the Davis, Sr.-Fitzmorris conversation, thus was hearsay. The District Court correctly excluded this testimony.

■ Next, Davis, Jr. argues that the District Court misapplied U.S.S.G. 1B1.3 by upwardly adjusting Davis's offense level for the tax loss associated with the underreporting of bribery income of William Fitzmorris and Richard Meyer.

The District Court wrote:

The tax losses caused by Fitzmorris and Meyer totaling $62,348 arose out of the same course of conduct or common scheme or plan as that committed by the defendant [Davis, Jr.]. By making payments to Fitzmorris and Meyer via sham corporations and Cayman Island bank accounts, by making certain payments in cash, and by disguising than nature of the payments in the books and records of [Royal], [Davis, Jr.] clearly aided and abetted the tax evasion of Fitzmorris and Meyer.... [A]nd thus is properly considered as relevant conduct in ascertaining the amount of loss for sentencing purposes.

The Court's findings support its conclusion and guidelines application.

Finally, Davis, Jr. argues that the District Court misapplied U.S.S.G. 2T1.1 and 2T4.1 by upwardly adjusting his offense

level based upon his misidentification of payments to Fitzmorris and Meyer as computer and advertising expenses. This argument is patently frivolous.

In sum, we find no merit in any of the appellant's arguments and will affirm the District Court's judgment of conviction and sentence.